# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERIC GRIFFIN,

    *Petitioner*,

vs.

PRADO, *et al.,*

    *Respondents*.

2:12-cv-00352-KJD-GWF

ORDER

Petitioner has submitted an application (#1) to proceed *in forma pauperis* and a purported habeas petition.

The matter has not been properly commenced because the pauper application does not include all required attachments. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2, a petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate. Petitioner attached neither. He attached a release of funds authorization for the postage for a mailing to federal court, which is neither an account statement nor an executed financial certificate. The application therefore is incomplete.

The application therefore will be denied, and the present action will be dismissed without prejudice to the filing of a new petition in a new action with a pauper application on the proper form with all required attachments.

It does not appear from the papers presented that a dismissal without prejudice will materially affect a later analysis of either the timeliness issue or other procedural issues with regard to a promptly filed new action. The only purported "judgment of conviction" referenced in the federal petition is a January 4, 2012, denial of relief by the Supreme Court of Nevada

in No. 58455 in that court. Review of the online docket records of the state supreme court reflects that on December 7, 2011, in that matter, the state supreme court affirmed the dismissal of petitioner's "affidavit of truth" in the state district court. The state supreme court concluded, *inter alia*: (a) that the state district court properly construed the state filing as a request for habeas relief under state procedure; and (b) that the district court properly concluded that it did not have power to consider the petition because petitioner failed to establish that he was in custody of the State of Nevada given that he was a federal pretrial detainee. The remittitur issued on January 4, 2012. It thus does not appear that dismissal of the present matter without prejudice will be tantamount to a dismissal with prejudice because of the application of the federal limitation period or other defenses.

Nothing herein precludes the Court from applying the fee payment provisions of the Prison Litigation Reform Act (PLRA) to any purported habeas petition filed by petitioner, as it did in No. 2:11-cv-01246-KJD-CWH. Petitioner is a frequent frivolous filer in this district, and he may not circumvent the provisions of the PLRA by recasting a civil rights action instead as a habeas petition.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is DENIED and that this action shall be DISMISSED without prejudice to the filing of a new pleading in a new action with a properly completed pauper application.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED, as jurists of reason would not find the Court's action dismissing the improperly commenced action without prejudice to be debatable or wrong.

The Clerk of Court shall enter final judgment accordingly in favor of respondents and against petitioner, dismissing this action without prejudice.

DATED:  March 5, 2012

_____
KENT J. DAWSON
United States District Judge